HORN *v.* ATLANTIC & ST. LAWRENCE RAILROAD.

Under the statutes of this State, railroad corporations are obliged to maintain fences on the sides of their roads, and to make cattle guards, cattle passes and farm crossings, for the convenience and safety of adjoining owners, and all who are rightfully upon the lands; except where the corporations have paid the adjoining owners for building and maintaining the fences, and settled with them in regard to such guards, passes and farm crossings.

The plaintiff's farm was divided by the defendants' railroad, and fences were made along the sides of the road, and also two farm crossings, but no gates

were put up at the crossings. The plaintiff, with the knowledge that there were no gates, turned his sheep into his field, and afterwards, in attempting to pass over the road at one of the crossings, they were killed by the defendants' engine. — *Held,* that the defendants were liable for the damages.

CASE. The declaration alleged that on the 1st of April, 1854, at, &c., the plaintiff was possessed of a close in Milan, and the defendants were in possession of a railroad, passing over and across said close, and the corporation, by reason of said crossing, ought to have erected and maintained a sufficient and lawful fence on each side of their railroad against the plaintiff's said close, to prevent cattle lawfully feeding or depasturing, or being in said close, from escaping out of said close into and upon said railroad, and upon other lands of the plaintiff and upon adjoining closes of others. Yet the defendants, well knowing, &c., have neglected and refused, and on the 1st of May, 1854, and hitherto neglected and refused to erect and keep a sufficient and lawful fence on each side of their railroad against the plaintiff's said close, whereby his close all that time lay open and exposed, and whereby divers cattle, to wit, ten sheep and ten lambs, lawfully depasturing and feeding in said close, to wit, on the 27th day of April, 1854, escaped out of the same into and upon said railroad, and then and there straying upon said railroad, were struck by an engine driven at great speed along said railroad, and were thereby killed, torn and mangled, and rendered of no value, whereby the plaintiff has been totally deprived of his said sheep and lambs, &c.

Upon the trial it appeared that long before the building of the railroad, and since, the plaintiff was in possession of a farm in Milan, through which the defendants' railroad passes for the distance of sixty rods, as tenant of one Roberts. Some months before the injury complained of, a fence had been erected along the sides of the railroad against this farm, except two passages, of about fourteen feet in width each, where an over pass was erected for the convenience of the farm, where it was intended to put suitable gates. These passages were occasionally partially stopped by boards placed across before the accident, but no gates

were erected till some time after the occurrence, and they had remained entirely open for some weeks previous.

The sheep were kept at the plaintiff's barn, about twenty rods from the opening in the fence, and were allowed to run at large in the plaintiff's fields adjoining his barn, which were separated from the railroad track only by the fences of the railroad, in which were these openings. The sheep had escaped upon the railroad repeatedly, and had been driven off by the witnesses and others, and the plaintiff was aware that, owing to the gateways thus left open in the defendants' fence, the sheep might at any time escape upon the railroad track, and were thus exposed to be injured by the engines, but he took no measures to confine them to his own enclosure.

The court instructed the jury that the owner of land adjoining a railroad may turn his cattle, or suffer them to run at large in his own fields without further care, though he is aware that the railroad company have not erected suitable and sufficient fences against his land, and though he knows that they may at any time escape upon the railroad through the defect of such fences, where they are liable to be injured or destroyed by the railroad trains; and if they so escape and are injured or destroyed by the cars, he is entitled to recover of the railroad company his damages resulting therefrom.

To this instruction the defendants excepted.

The jury having found a verdict for the plaintiff, the defendants moved for a new trial by reason of said exception.

*Williams*, for the plaintiff.

*Burns & Fletcher*, for the defendants.

EASTMAN, J. We regard it as settled in this State that railroad corporations are obliged to maintain fences on the sides of their roads, for the protection of all whose lands adjoin the railways, and all who are rightfully upon the lands, except where the corporations have settled with and paid the owners of the

adjoining lands for building and maintaining the fences. *Cornwall* v. *The Sullivan Railroad*, 8 Foster 161 ; *Dean* v. *The Sullivan Railroad*, 2 Foster 316 ; *Towns* v. *The Cheshire Railroad*, 1 Foster 363 ; Rev. Stat., chap. 142, secs. 6, 7.

We also regard it as settled that where a railroad divides the lands of an owner, and the corporation makes cattle passes and farm crossings according to the statute, the land-owner may let his cattle run upon his lands without a herdsman, and in case of their destruction the corporation will ordinarily be liable. Laws, 1850, chap. 593, sec. 5 ; (Comp. Stat., chap. 150, sec. 45 ;) *White* v. *The Concord Railroad*, 10 Foster 188.

These questions have been so fully considered in the cases to which we have referred, that we deem it unnecessary to make any further examination of them at present. They appear to us to settle this case and to fix the liability of the defendants. The plaintiff was in the rightful occupation of the land, and had the right to turn his animals into his field or pasture, as he might please. It was not his duty to fence the road or to put up gates at the crossing. Those duties devolved upon the corporation ; and it was through their fault in not attending to these duties properly, and not from any fault of the plainitff, that the animals were destroyed. There must, therefore, be

*Judgment on the verdict.*